UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY SPENCER,

    Plaintiff,

v.                                                                    Case No. 14-11343
                                                                       Hon. Sean F. Cox
MICH. DEP'T OF CORRECTIONS, DANIEL
HEYNES, MICHAEL MARTIN, DEPHNE
JOHNSON, PAUL KLEE, SHERMAN
CAMPBELL, SCOTT SCHOOLEY, KEITH
MCCONNELL, BRIAN EVERS, RANDY
GALLUP, KAST, RANDALL, EICHENBURG,
SISSEN, LANCE THOMPSON, JOHN DOE 1,
and JOHN DOE 2,

    Defendants.
_____/

**OPINION AND ORDER ADOPTING IN PART
THE MAGISTRATE JUDGE'S REPORT & RECOMMENDATION**

Plaintiff Timothy Spencer ("Plaintiff"), a State of Michigan prisoner proceeding *pro se*, requested protective custody after he was assaulted. The Defendants—the Michigan Department of Corrections and various employees and administrators thereof—denied Plaintiff's request for protective segregation. Plaintiff refused to return to his housing unit and was disciplined by Defendants as a result.

Plaintiff was subsequently confined to the High Side Bench Cage ("HSB Cage")—a 6' x 6' x 10' wire cage—for nine days. The only furnishing in the HSB Cage is a small metal bench. Plaintiff was forced to sleep on the concrete floor with no mattress, blankets, or bedding of any kind. Plaintiff also was denied regular access to a toilet, was allowed one cup of water per guard shift, and was denied his thyroid medication while confined in the HSB Cage. At some point,

Defendants also placed visitor restrictions on Plaintiff such that he was not entitled to visit with clergy members.

Plaintiff commenced the instant action on March 28, 2014, alleging a number of constitutional violations in connection with the circumstances relating to the Defendants' denial of Plaintiff's request for protective segregation.[1]  This matter was referred to Magistrate Judge Patricia Morris for determination of all non-dispositive motions pursuant to 28 U.S.C. § 636(b)(1)(A) and Report and Recommendation pursuant to § 636(b)(1)(B).  Defendants subsequently filed a motion for summary judgment [dkt. 30], and Plaintiff filed a motion for preliminary injunction [dkt. 34].

## I. REPORT AND RECOMMENDATION

In a sixteen page Report and Recommendation issued on January 23, 2015, Magistrate Judge Morris recommended that this Court: 1) grant Defendants' motion for summary judgment; and 2) deny Plaintiff's motion for preliminary injunction.

Pursuant to FED. R. CIV. P. 72(b), a party objecting to the recommended disposition of a matter by a Magistrate Judge must file objections to the Report and Recommendation within fourteen (14) days after being served with a copy of the Report and Recommendation.  "The district judge to whom the case is designed shall make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which

---

[1] Plaintiff's complaint alleges six counts: (1) civil conspiracy under 42 U.S.C. § 1983 in regard to Defendants' alleged retaliation against Plaintiff in violation of his First Amendment Rights; (2) Defendants violated the Eighth Amendment by subjecting Plaintiff to excessive pat-downs and searches; (3) Defendants violated the Eighth Amendment by refusing Plaintiff's request for protective segregation and by issuing misconducts when he refused to return to his housing unit; (4) Defendants violated the Eighth Amendment by confining Plaintiff to the HSB Cage for nine days without a mattress, bedding, medication, regular access to a toilet and water, and where he was mentally and physically tortured; (5) Defendants violated the Fourteenth Amendment by conducting a hearing without Plaintiff being present; and (6) Defendants violated the First Amendment and the Religious Land Use and Institutionalized Persons Act ("RLUIPA") by preventing clergy members from visiting Plaintiff.

specific written objection has been made." *Id*. Plaintiff filed timely objections to the Report and Recommendation. *See* Dkt. 42.

## II. ANALYSIS

After a thorough review of the court file, the Report and Recommendation, and the objections to the Report and Recommendation filed by Plaintiff, this Court:

A. Adopts Sections II.A., II.B.1.a.-c., II.B.2.a., the portions of II.B.2.b. relating to the deprivation of medication and property, II.B.2.c., II.B.3., and III. of the Report and Recommendation and incorporates by reference in this Opinion those portions of the Report and Recommendation;

B. Declines to adopt the balance of the Report and Recommendation; and

C. For the reasons that follow, concludes that Defendants' motion for summary judgment must be granted in part and denied in part, and Plaintiff's motion for preliminary injunction must be denied.

**A. Plaintiff's Objections**

In the Report and Recommendation, the Magistrate Judge concluded that Plaintiff failed to exhaust his administrative remedies as to all claims except the following: claim (3) that Plaintiff was denied protective segregation after he was assaulted; claim (4) that Plaintiff was confined to the HSB Cage without a mattress, bedding, medication or his property; and claim (5) that Plaintiff was denied due process when he was not present at his property hearing. Plaintiff objects to this determination on the ground that the Magistrate Judge incorrectly concluded that Plaintiff's August 16, 2013 grievance was properly rejected as duplicative of Plaintiff's August 19, 2013 grievance. Plaintiff insists that the grievances are not duplicative because each raises separate issues. Plaintiff claims that the August 16, 2013 grievance relates to Defendants' refusal to grant Plaintiff segregated protection, while the August 19, 2013 grievance relates to the conditions of Plaintiff's confinement in the HSB Cage. *See* Dkt. 38 p. 4. The Court finds, however, that Plaintiff's objection lacks merit because the violations alleged in both grievances

3

relate to claims that the Magistrate Judge concluded *had been exhausted*.[2]  Accordingly, the Court finds Petitioner's objection irrelevant and misplaced.

With one exception, Plaintiff's second objection consists of a reiteration of the legal theories raised in prior filings.  Although the Court will not address the reiterated legal theories addressed by the Magistrate, it will address Plaintiff's legal theory that the Magistrate failed to consider.  Plaintiff objects to the Magistrate Judge's reasoning and conclusion that the "[d]enial of bedding alone, without an allegation that the lack of bedding caused the Plaintiff to be cold, suffer from hypothermia, or otherwise suffer any harm, is insufficient to state an Eighth Amendment claim."  Dkt. 41 at 12 (citation omitted).  Plaintiff objects on the ground that Plaintiff alleged harm in his answer to Defendants' motion for summary judgment.  The Court finds that Plaintiff is correct.  Plaintiff's answer states:

> As a result of being forced to sleep directly on the concrete floor for so long plaintiff experienced severe hip and back pain, and continues to suffer from hip related problems.  Plaintiff continues to receive medical attention and medication for his injury, which has become debilitating in that he is unable to walk for long periods, or to exercise for any length of time before the pain in his hip becomes so intense that he is forced to stop.

Dkt. 38 pp. 19-20 (internal citations to record omitted).  Moreover, Plaintiff alleged the same injury in his complaint.  *See* Dkt. 1 p. 10.

Third, Plaintiff objects to the Magistrate Judge's determination that Plaintiff's request for injunctive relief with respect to clergy visits is moot.  Specifically, Plaintiff claims that the restrictions remain in place for clergy members.  Plaintiff's objection is meritless.  The memorandum reinstating Plaintiff's visitation privileges makes no distinction between

---

[2] In other words, the claim in Plaintiff's August 16, 2013 grievance, which relates to Defendants' refusal to grant Plaintiff protective segregation, corresponds with claim (3).  Claim (3) will be dismissed not on exhaustion grounds but on the legal merits on the recommendation of the Magistrate Judge.  The claim in Plaintiff's August 19, 2013 grievance, which relates to the conditions of Plaintiff's confinement while in the HSB Cage, corresponds with claim (4).  Claim (4) will be dismissed in part on the legal merits on the recommendation of the Magistrate Judge, and the remainder of the claim will remain viable and before the Court.

"civilians" and clergy members. Rather, the memorandum merely approves the Warden's recommendation that Defendants restore Plaintiff's visitation privileges, and Defendants clearly reinstated Plaintiff's visitor privileges on August 19, 2014. See Dkt. 37 Ex. 2 p. 2. Accordingly, the Court does not find Petitioner's objection persuasive.

For the reasons discussed in this Section, the Court declines to adopt Magistrate Judge Morris's recommendation to grant Defendants' motion for summary judgment in its entirety. Because the Court finds Plaintiff alleged harm resulting from the deprivation of bedding while confined to the HSB Cage, the Court concludes it would be inappropriate to grant summary judgment for Defendants as to the portion of claim (4) relating to the deprivation of a mattress and bedding.

### III. CONCLUSION & ORDER

For the reasons set forth above, IT IS HEREBY ORDERED that the Court ADOPTS IN PART and REJECTS IN PART the January 23, 2015 Report and Recommendation. Specifically, the Court ADOPTS Sections II.A., II.B.1.a.-c., II.B.2.a., the portions of II.B.2.b. relating to the deprivation of medication and property, II.B.2.c., II.B.3., and III. of the Report and Recommendation and rejects the balance of the January 23, 2015 Report and Recommendation.

IT IS FURTHER ORDERED that Defendants' motion for summary judgment is GRANTED IN PART and DENIED IN PART. The portion of Plaintiff's claim (4) relating solely to the deprivation of a mattress and bedding while confined to the HSB Cage remains before the Court. Plaintiff's remaining claims are hereby DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that Plaintiff's motion for preliminary injunction is

5

DENIED.

    IT IS SO ORDERED.

Dated: March 27, 2015

s/ Sean F. Cox  
Sean F. Cox  
United States District Judge

I hereby certify that on March 27, 2015, the document above was served on counsel of record via electronic means and upon Timothy Spencer via First Class Mail at the address below:

Timothy Spencer  
189009  
G. ROBERT COTTON CORRECTIONAL FACILITY  
3500 N. ELM ROAD  
JACKSON, MI 49201

s/ J. McCoy  
Case Manager